Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com

R. Brandon Bundren (will comply with LR IA 11-2 within 14 days)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
bbundren@bradley.com

*Attorneys for Defendants Medliant and Medliant Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIAHKIM MABUTE and JEDDY ANNE DELGADO, on behalf of themselves, those similarly situated, and the Proposed Rule 23 Class,<br><br>Plaintiffs,<br><br>vs.<br><br>MEDLIANT INC. and MEDLIANT,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Under 28 U.S.C. §§ 1441, 1446, and 1453, the defendants, Medliant Inc. and Medliant (collectively, "Medliant"), remove this action to the United States District Court for the District of Nevada. Under 28 U.S.C. §§ 1331 and 1332, Medliant respectfully states the grounds for removal are as follows.

1. On November 8, 2023, the plaintiffs, Eliahkim Mabute and Jeddy Anne Delgado (collectively, "Plaintiffs"), filed their Class and Collective Action Complaint in the action styled <u>Mabute et al. v. Medliant, Inc., et al.</u>, and assigned Case No. A-23-881156-C (the "Action") in the District Court for Clark County, Nevada.

2. On November 22, 2023, Plaintiffs filed their First Amended Class and Collective Action Complaint.

3. On November 30, 2023, Plaintiffs requested the Clerk of Court for the District Court of Clark County issue summons to Medliant, which it did on December 4, 2023.

4. On December 6, 2023, Plaintiffs filed their Errata to Plaintiffs' First Amended Class and Collective Action Complaint ("Amended Complaint") because the pleading filed by Plaintiffs on November 22, 2023, was filed without the required signature from counsel and supporting exhibits.

5. On December 7, 2023, Plaintiffs served Medliant with the Amended Complaint.

6. On its face, the Amended Complaint shows that this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d).

**Federal Question Jurisdiction**

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the Action is a civil action arising under the Constitution, laws, or treaties of the United States.

8. Specifically, Plaintiffs allege Medliant violated the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589(a) (Count I), (b) (Count II), 1590(a) (Count III), and 1594(a) (Count IV). Plaintiffs further allege Medliant violated the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) (Count V) and 206 (Count VI).

**Diversity Jurisdiction under the Class Action Fairness Act**

9. This Court also has diversity jurisdiction over this Action under the Class Action Fairness Provisions of 28 U.S.C. § 1332(d).

10. Section 1332(d) requires (1) a civil action asserting claim on behalf of a class containing at least 100 members; (2) minimum diversity between Medliant and a member of the class; and (3) at least $5 million in controversy. Kuxhausen v. BMW Financial Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013).

11. The class proposed by Plaintiffs in the Action satisfies all three elements.

12. **The Putative Class Contains at least 100 Members**. The Amended Complaint asserts claims on behalf a class defined as containing "[a]ll nurses who entered the United States to perform work for Defendant and Defendant's clients within the statute of limitations and are or were subject to Medliant's Employment Agreement requiring the payment of liquidated and other damages for failure to meet a specified hours commitment." Amended Complaint at ¶ 123.

13. Plaintiffs allege that there are "in excess of 100 Class Members within the applicable statute of limitations." Amended Complaint at ¶ 124(A). A claim under the Trafficking Victims Protection Act has a 10-year limitations period. 18 U.S.C. § 1595(c). Over the past 10 years, Medliant avers that it has had at least 150 employees that signed employment contracts with liquidated damages provisions.

14. **Minimum Diversity Exists**. Plaintiffs allege that they are citizens of the Philippines. Amended Complaint at ¶¶ 13–14. If they were deemed citizens of the place where they reside—in both instances, Beaumont, Texas—they would be citizens of Texas. Id.

15. Plaintiffs allege that Medliant is a citizen of Nevada and Tennessee. Amended Complaint at ¶¶ 15–16.

16. As a result, no Plaintiff is a citizen of the same state as any Defendant.

17. In addition to Texas, Medliant employs nurses who fall within the class definition in the states of Missouri, Arizona, and Arkansas who could supply the requisite minimal diversity.

18. **The Amount in Controversy Exceeds $5,000,000**. Plaintiffs seek multiple forms of relief that put more than $5,000,000 at issue. The amount in controversy is not the amount a plaintiff will recover or the minimum a plaintiff could recover; instead, it is a reasonable estimate of the maximum a plaintiff could recover—the amount "at stake" in the lawsuit. Jauregui v. Roadrunner Trans. Servs., Inc., 28 F.3d 989, 994 (9th Cir. 2022). If a form of relief is reasonably available, then that relief counts towards to amount in controversy, even if recovery is not likely. Id. at 993–94. Future damages are also part of this calculation. See Chavez v. JPMorgon Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018).

19. Plaintiffs demand four forms of relief: compensatory damages, punitive damages, attorneys' fees, and injunctive relief. Each adds to the amount in controversy. Each of these categories of demanded relief increases the amount in controversy.

20. Medliant denies that Plaintiffs are entitled to any damages or relief of any of these types. The following discussion is solely for the purpose of demonstrating that Plaintiffs' allegations put certain types and amounts of damages and other relief in controversy. Medliant

1  reserves all rights to challenge the award of any forms of relief and the amount or terms of such
2  relief and do not concede that the types and numbers below are appropriate for this case.

3        21.    As to **compensatory damages**, Plaintiffs demand "any penalty Plaintiffs paid to
4  Defendant as emotional distress and other damages." Amended Complaint at ¶¶ 132, 138, 143,
5  148.

6        22.    Emotional distress damages under the Trafficking Victims Protection Act, 18
7  U.S.C. § 1589 *et seq.* are often awarded on a per-day basis, and damages awards can exceed
8  $150 per day. "The range for awards spans between $170 per day to $800 per day." West v.
9  Butikofer, No. 19-CV-1039-CJW-KEM, 2020 WL 5245226 at *10 (N.D. Iowa Aug. 18, 2020)
10 (collecting cases from around the country).

11       23.    Even though Plaintiffs are not entitled to any damages, Medliant proposes using
12 $150 per day as an estimate for the amount in controversy exercise. Plaintiffs' claims put three
13 years at issue for each class member. Amended Complaint at ¶ 7. If the Court were to award
14 emotional distress damages for 200 days per year (assuming 4 days of work per week with 2
15 week of vacation)[1], each class member puts 600 days at issue.[2] Awarding each of 100 class
16 members $150 per day for 600 days equals $9 million.[3]

17       24.    Though not necessary to establish the amount in controversy, Plaintiffs seek other
18 forms of compensatory damages as well, such as lost wages. Amended Complaint at ¶ 158.
19 Plaintiff Delgado claims to have been underpaid by $22 per hour. Id. at ¶ 108. Even if that
20 number were reduced by more than half to $10 per hour, it would put an additional $52,000 in
21 controversy for each class member, under the assumption that a putative class member is
22 underpaid across the entire 5,200 hour "term" Plaintiffs allege.[4] Id. at ¶ 24. Assuming a
23 minimum class size of 100, the lost wages claim puts $5.2 million at issue.[5]

---

[1] (50 weeks) X (4 days per week) = 200 days per year.

[2] (200 days per year) X (3 years) = 600 days.

[3] (600 days per class member) X ($150 per day) X (100 class members) = $9,000,000.

[4] (5,200 hour contractual term per class member) X ($10 alleged underpayment per hour) = $52,000.

[5] ($52,000 per class member) X (100 class members) = $5,200,000.

25. According to Plaintiffs, any putative class member that does not work the full 5,200 term is subject to paying liquidated damages of "up to $80,000" plus additional amounts. Amended Complaint at ¶ 7. According to Plaintiffs, a putative class member who did not put an underpayment claim in controversy would put a claim to recover the liquidated damages in controversy. See, e.g., Amended Complaint at ¶ 138.

26. The compensatory damages alone exceed the $5,000,000 threshold for the amount in controversy at least twice over.

27. **Punitive damages** also count towards the amount in controversy. Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020). One way that a defendant can estimate the value of punitive damages in controversy "is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." Id.

28. The Ninth Circuit permits the award of punitive damages under the Trafficking Victims Protection Act, 18 U.S.C. § 1589 et seq. Ditullio v. Boehm, 662 F.3d 1091, 1098 (9th Cir. 2011) ("We therefore hold that punitive damages are available under 18 U.S.C. § 1595").

29. Even though Medliant contends that Plaintiffs will not obtain punitive damages, their request for punitive damages under a TVPA claim puts at least the amount of compensatory damages at issue. Several courts have awarded punitive damages equal to the amount of compensatory damages. See, e.g., Carazani v. Zegarra, 972 F. Supp. 2d 1, 26–27 (D.D.C. 2013) ("Following previous courts, which have found a 1:1 ratio of compensatory to punitive damages a sufficient deterrent to offenders of the TVPA, the Court awards punitive damages equal to its compensatory damages award….").

30. Thus, the amount of punitive damages in controversy at least equals the amount of compensatory damages, which is conservatively $9 million in this case on the TVPA claim alone. Adding $9 million compensatory damages and $9 million punitive damages shows that $18 million is in controversy on that single claim.

31. **Attorneys' fees** provided by statute (including prospective attorneys' fees) also add to the amount in controversy. Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th

Cir. 2019). Such fees can be awarded on a TVPA claim. 18 U.S.C. § 1595. Plaintiffs demand them in this case. See, e.g., Amended Complaint at ¶¶ 133, 139, 144, and 149

32. While the Ninth Circuit has declined to adopt a per se rule that an attorneys' fee of 25% of potential damages is always appropriate, percentage-based estimates can be reasonable. Arias, 936 F.3d. at 928. Twenty-five percent is a common benchmark courts often apply. See Staton v. Boeing, 327 F.3d 938, 968 (9th Cir. 2003). Assuming a 10% fee, this would add $900,000 to the amount in controversy.

33. Departing from a percentage-based approach would require Plaintiffs to provide discovery. The rates or hours expended or anticipated by Plaintiffs' counsel to perform a lodestar analysis are uniquely in Plaintiffs' possession. Medliant therefore requests leave to obtain discovery from Plaintiffs regarding all aspects of their attorneys' fees if Plaintiffs challenge the amount in controversy on this issue and the amount in controversy is not otherwise satisfied.

34. The cost of **injunctive relief** also adds to the amount in controversy. Plaintiffs allege that Medliant's use of a liquidated damages provision violates Plaintiffs' rights. Amended Complaint at ¶ 8. They allege that Medliant requires payment of liquidated damages of up to $80,000 for each worker. Id. at ¶ 7. If Medliant were enjoined from enforcing these provisions and from seeking damages from employees, the cost of compliance would be the greater of its lost profits or the loss of liquidated damages—which puts $80,000 at issue for each putative class member, or a further $8,000,000 in controversy for the putative 100-member class as a whole.

**The Procedural Requirements for Removal are Satisfied**

35. Under 28 U.S.C. § 1446(b), Medliant has timely filed this Notice of Removal within thirty (30) days of service.

36. A copy of all process and pleadings heretofore filed in the state court action or served upon Medliant is attached as Exhibit A. While Medliant was only served with the Amended Complaint, a copy of all process and pleadings filed in the state court action are included.

37. While Medliant reserves the right to challenge venue in this Court, this Court is the appropriate venue to which the case should be removed because this District and unofficial Southern Division of this District embrace the place in which the removed action has been pending (i.e., Clark County, Nevada).

38. In removing this action, Medliant reserves all rights and all defenses including, without limitation, all defenses specified in Federal Rule of Civil Procedure 12(b).

39. Promptly upon filing this Notice, Medliant will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to counsel for Plaintiffs, as required by 28 U.S.C. § 1446(d).

40. Medliant has complied with all procedural requirements for removal.

**WHEREFORE**, Medliant respectfully remove the Action from the District Court of Clark County, Nevada to proceed in the United States District Court for the District of Nevada.

DATED this 28th day of December, 2023.

McDONALD CARANO LLP

By: */s/ Kristen T. Gallagher*
Kristen T. Gallagher (NSBN 9561)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
kgallagher@mcdonaldcarano.com

R. Brandon Bundren
(will comply with LR IA 11-2 within 14 days)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203

*Attorneys for Defendants Medliant and Medliant Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on this 28th day of December, 2023, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served via this Court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification and/or via E-mail to the following:

Mark R. Thierman (mark@thiermanbuck.com)
Joshua D. Buck (josh@thiermanbuck.com)
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada 89511

Juno Turner (juno@towardsjustice.com)
David H. Seligman (david@towardsjustice.com)
Rachel W. Dempsey (rachel@towardsjustice.com)
Towards Justice
P.O. Box 371689, PMB 44465
Denver, Colorado 80237-5680

*Attorneys for Plaintiffs*

                                                           */s/  Marianne Carter*
                                                           An employee of McDonald Carano LLP

**INDEX OF EXHIBITS**

| Description | Exhibit |
|---|---|
| Copies of all process and pleadings heretofore filed in the state court action | A |
| Civil cover sheet | B |