UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIAHKIM MABUTE and JEDDY ANNE DELGADO,<br><br>Plaintiffs<br><br>v.<br><br>MEDLIANT, INC. and MEDLIANT,<br><br>Defendants | Case No.: 2:23-cv-2148-APG-DJA<br><br>**Order Granting Motion to Remand**<br><br>[ECF No. 19] |

The plaintiffs filed this lawsuit in Nevada state court. The defendants (collectively, Medliant) removed it to this court. ECF No. 1. The plaintiffs move to remand the case because the relevant contract mandates that venue be in the Nevada state court. ECF No. 19. I agree and remand the case to state court.

Each of the plaintiffs entered into an employment contract with Medliant that contains the following venue provision:

> **GOVERNING LAW/VENUE.** This Agreement shall be governed by the laws of Nevada. Medliant is incorporated in Nevada and as such, chooses to utilize Nevada law for interpretation and analysis of the herein agreement as well as chooses to utilize the venue of the 8th Judicial District Court in Las Vegas, Nevada as and for any disputes that may arise from time to time. By signing below, you agree to Medliant's choice of venue and choice of law.

ECF No. 1-2 at 33. The plaintiffs abided by this provision and filed suit in the Eighth Judicial District Court in Las Vegas, Nevada. Medliant argues that its removal to federal court was proper because this venue provision is permissive rather than mandatory. ECF No. 24.

A forum selection clause "represents the parties' agreement as to the most proper forum . . . ." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The "enforcement of

valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 33 (KENNEDY, J., concurring).  In interpreting a forum selection clause, "[t]he plain language of the contract should be considered first, . . . with the understanding that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (simplified).

Here, the venue clause clearly and plainly states that Medliant "chooses to utilize the venue of the 8th Judicial District Court in Las Vegas, Nevada as and for any disputes that may arise . . . ." ECF No. 1-2 at 33.  This was written into the plaintiffs' employment contracts as a condition of employment.  No circumstances exist that give a special or different meaning to these words.  And to the extent they could possibly be considered ambiguous (which I do not find), they must be interpreted against Medliant, the drafter. *Anvui, LLC v. G.L. Dragon, LLC*, 163 P.3d 405, 407 (Nev. 2007).

Medliant relies on various cases finding particular forum selection clauses to be permissive instead of mandatory.  But the provisions in those contracts were not as plain and clear as this one.  For instance, here the plaintiffs were not merely consenting to the jurisdiction of courts in Nevada, they were agreeing to Medliant's choice of the state court forum.  This provision specifies a particular court (Eighth Judicial District Court), rather than any court sitting in Las Vegas, Nevada (which could allow for venue in a federal court sitting in Las Vegas). *Compare to Coppola v. Baron*, No. 2:07-cv-0664-BES-RJJ, 2007 WL 4180590, at *2 (D. Nev. Nov. 20, 2007) (holding that provision saying "Venue of any action . . . shall be Clark County, Nevada . . . specifies that venue will be in Clark County[;] however, it does not specify whether

the forum is the state court or the federal district court, both of which are located in Clark County"). The provision here is more akin to that in *Docksider, Ltd. v. Sea Tech., Ltd.*, which stated that "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d 762, 763 (9th Cir. 1989). The Ninth Circuit held that "[t]his language requires enforcement of the clause because Docksider . . . agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia." *Id.* at 764.

Medliant chose to litigate "any disputes that may arise" in the Eighth Judicial District Court in Las Vegas, Nevada. The plaintiffs agreed to that in their employment contracts. It would be unfair for Medliant to void those contractual expectations by removing the case to this court. The forum selection clause at issue here is mandatory and Medliant is bound by it. Removal to this court violated that contractual term so it was improper.

I THEREFORE ORDER that the plaintiffs' motion to remand (ECF No. 19) is granted. This case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 1st day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE